UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ERVIN WIMBERLY,<br><br>  Plaintiff,<br><br>  v.<br><br>RON BROOMFIELD, et al.,<br><br>  Defendants. | Case No. 24-cv-01489-EKL<br><br>**ORDER REOPENING CASE AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to file a second amended complaint. Plaintiff failed to file a second amended complaint, so this case was dismissed on March 17, 2025. ECF No. 19. On the same day the case was dismissed, plaintiff filed a motion for an extension. ECF No. 21. The Court granted the motion for an extension and plaintiff filed a second amended complaint. ECF No. 23. The case is reopened, and the Court will review the second amended complaint.

**DISCUSSION**

**Standard of Review**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

**Plaintiff's Allegations and Procedural History**

Plaintiff does not set forth the specific facts in the second amended complaint. Because plaintiff is incarcerated and proceeding pro se, the Court will recount the facts from a prior complaint. On January 18, 2023, plaintiff's cell was randomly searched, and he received two Rules Violations Reports ("RVRs") for possession of a cell phone charging cord and for homemade alcohol. ECF No. 5 at 2. He was found guilty of the RVRs at a disciplinary hearing.

*Id*. As punishment, plaintiff received 30 days loss of time credits and loss of privileges. *Id*. at 37-38, 47-48.  Plaintiff argued that his rights were violated during the disciplinary process.  In the original complaint, plaintiff named several defendants but failed to describe the actions of any defendant in the complaint.  The complaint was dismissed with leave to amend for plaintiff to identify the actions of the specific defendants and describe how his rights were violated in the disciplinary process.  Plaintiff was also instructed to discuss why the case was not barred because he lost time credits.  *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (applying *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), to claim that officials used unconstitutional procedures in a disciplinary hearing that resulted in the deprivation of time credits if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment").

The amended complaint was summarily dismissed with leave to amend, because plaintiff failed to follow the Court's instructions.  ECF No. 12 at 1-2.  Rather than identify the actions of specific defendants or describing how his rights were violated during the disciplinary process, plaintiff presented a few vague allegations and failed to address the question of the *Heck* bar.  *Id*. at 2.

In this second amended complaint, plaintiff states that two defendants violated prison procedures by not taking a photo of the suspected contraband. ECF No. 23 at 1. He states that another defendant claimed it was a random search but had a screwdriver that he was able to use to open a light box in plaintiff's cell. *Id*. at 2. Plaintiff contends that because the defendant came prepared with a screwdriver, the search was not random. *Id*. Plaintiff further alleges that these defendants failed to follow other prison procedures. *Id*. at 3-4. Plaintiff states that he was found guilty at the disciplinary hearing, but certain procedural protocols were not followed. *Id*. at 4. Plaintiff does not provide more information about the violation of the procedural protocols. *Id*.

**Analysis**

Interests protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states.  *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law.  *See*

3

*Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, *i.e.*, give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance."  *See id*. at 477-87.  Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id*. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id*. at 487.

Prisoners are protected from being deprived of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556.  The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  *Id*. at 563-71.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck*, 512 U.S. at 486-87. *Heck* bars a claim of unconstitutional deprivation of time credits because such a claim necessarily implicates the duration of the plaintiff's sentence and, thus, calls into question the lawfulness of the plaintiff's continuing confinement.  *See Edwards*, 520 U.S. at 645 (applying *Heck* bar to claim that officials used unconstitutional procedures in a disciplinary hearing that resulted in the deprivation of time credits if "the nature of the challenge to the procedures [is] such as necessarily

to imply the invalidity of the judgment").

The second amended complaint suffers from the same deficiencies as prior complaints, and plaintiff has failed again to address the issues raised by the Court. Plaintiff's allegations fail to state a federal claim. If plaintiff contends that defendants violated the procedural requirements set forth in *Wolff*, he must present allegations describing their actions and how they violated the *Wolff* protections. He must also address why this case is not barred pursuant to *Edwards* and *Heck* because it is based on lost time credits. To obtain money damages, the disciplinary finding must first be reversed or expunged.

Finally, even if defendants violated prison procedures or regulations under Title 15 of the California Code of Regulations, this fails to state a constitutional claim. *See Nible v. Fink*, 828 F. App'x. 463, 464 (9th Cir. 2020) (no implied private right of action for violation of Title 15 prison regulations). To state a claim under 42 U.S.C. § 1983, plaintiff must allege that a right secured by the Constitution or laws of the United States was violated.

The second amended complaint is dismissed with leave to amend to file a third amended complaint. No further amendments will be allowed. Plaintiff must include all claims and factual allegations in the third amended complaint. The Court cannot refer to prior filings.

**CONCLUSION**

1.  The case is REOPENED. The second amended complaint is DISMISSED with leave to amend. The third amended complaint must be filed within twenty-eight (28) days of the date this order is filed and must include the caption and civil case number used in this order and the words Third Amended Complaint on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time may result in the dismissal of this case.

2.  It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to

do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 2, 2025

Eumi K. Lee
United States District Judge