UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ERVIN WIMBERLY,<br><br>Plaintiff,<br><br>v.<br><br>RON BROOMFIELD, et al.,<br><br>Defendants. | Case No. 24-cv-01489-EKL<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The second amended complaint was dismissed with leave to amend, and plaintiff has filed a third amended complaint.

## DISCUSSION

**Standard of Review**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act, or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

**Plaintiff's Allegations and Procedural History**

Similar to the prior second amended complaint, plaintiff does not set forth the majority of the specific facts in the instant third amended complaint. Because plaintiff is incarcerated and proceeding pro se, the Court will recount the facts from the original complaint. ECF No. 5. On January 18, 2023, plaintiff's cell was randomly searched, and he received two Rules Violations Reports ("RVRs") for possession of a cell phone charging cord and for homemade alcohol. ECF No. 5 at 2. He was found guilty of the RVRs at a disciplinary hearing. *Id*. As punishment, plaintiff received 30 days loss of time credits and loss of privileges. *Id*. at 37-38, 47-48. Plaintiff argued that his rights were violated during the disciplinary process. In the original complaint, plaintiff named several defendants but failed to describe the actions of any defendant in the complaint. The complaint was dismissed with leave to amend for plaintiff to identify the actions

of the specific defendants and describe how his rights were violated in the disciplinary process. ECF 12.  Plaintiff was also instructed to discuss why the case was not barred because he lost time credits.  *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (applying *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), to bar prisoner's claim that officials used unconstitutional procedures in a disciplinary hearing, which resulted in the deprivation of time credits, if "the nature of the challenge . . . necessarily imply the invalidity of the judgment").

The amended complaint was summarily dismissed with leave to amend, because plaintiff failed to follow the Court's instructions.  ECF No. 14 at 1-2.  Rather than identify the actions of specific defendants or describing how his rights were violated during the disciplinary process, plaintiff presented a few vague allegations and failed to address the question of the *Heck* and *Edwards* bar.  *Id*. at 2.

Plaintiff filed a second amended complaint, in which he alleged that two defendants violated prison procedures by not taking a photo of the suspected contraband.  ECF No. 23 at 1.  He stated that another defendant claimed it was a random search but had a screwdriver that he was able to use to open a light box in plaintiff's cell.  *Id*. at 2.  Plaintiff contended that because the defendant came prepared with a screwdriver, the search was not random.  *Id*.  Plaintiff further alleged that these defendants failed to follow other prison procedures.  *Id*. at 3-4.  Plaintiff stated that he was found guilty at the disciplinary hearing, but certain procedural protocols were not followed.  *Id*. at 4.  Plaintiff did not provide more information about the violation of the procedural protocols.  *Id*.  The second amended complaint was dismissed with leave to amend because it suffered from the same deficiencies as prior complaints, and plaintiff had failed again to address the issues raised by the Court.  Plaintiff was also instructed that he must address why this case is not barred pursuant to *Edwards* and *Heck* because he lost time credits.  Thus, to obtain money damages pursuant to Section 1983, the disciplinary finding would have to first be reversed or expunged.  Plaintiff was informed that no further amendments would be allowed if these deficiencies were not addressed.

In this third amended complaint, plaintiff repeats his allegations that the search was not random because a defendant brought a screwdriver, which was in violation of prison regulations.

3

1  ECF No. 28 at 1.  Plaintiff states that he was not permitted to question witnesses at the disciplinary
2  hearing nor was he provided staff assistance, but he does not identify any defendants involved in
3  overseeing the hearing who violated his rights.  *Id*. at 1-2.  Nor does plaintiff address why this case
4  is not barred pursuant to *Edwards* and *Heck*.

**Analysis**

Prisoners are protected from being deprived of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff*, 418 U.S. at 556.  The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  *Id*. at 563-71.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck*, 512 U.S. at 486-87.  *Heck* bars a claim of unconstitutional deprivation of time credits because such a claim necessarily implicates the duration of the plaintiff's sentence and, thus, calls into question the lawfulness of the plaintiff's continuing confinement.  *See Edwards*, 520 U.S. at 645 (applying *Heck* bar to claim that officials used unconstitutional procedures in a disciplinary hearing, which resulted in the deprivation of time credits, if the nature of the procedural challenge is such as to necessarily "imply the invalidity of the judgment").

The third amended complaint suffers from the same deficiencies as prior complaints, and plaintiff has failed again to address many issues raised by the Court.  While plaintiff does provide

more details regarding how his rights were violated at the disciplinary hearing, he does not identify any defendant involved in the hearing who was responsible for these alleged violations. To the extent that plaintiff alleges the named defendants violated prison procedures or regulations under Title 15 of the California Code of Regulations, this fails to state a constitutional claim as required by 42 U.S.C. § 1983. *See Nible v. Fink*, 828 F. App'x. 463, 464 (9th Cir. 2020) (no implied private right of action for violation of Title 15 prison regulations). To state a Section 1983 claim, plaintiff must allege that a right secured by the Constitution or laws of the United States was violated. Finally, this case is barred pursuant to *Edwards* and *Heck*. If plaintiff were to succeed in this complaint, it would call into question the validity of the disciplinary finding. To obtain money damages or injunctive relief through a Section 1983 action, the disciplinary finding must first be reversed or expunged.

Plaintiff has been provided multiple opportunities to amend but has still failed to state a federal claim. Because it would be futile to allow further amendment, this action is dismissed without leave to amend. *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (citation and internal quotation marks omitted).

## CONCLUSION

1. This action is DISMISSED without leave to amend. The dismissal is without prejudice, but plaintiff can only bring this civil rights action if his disciplinary finding is reversed or expunged.

2. The Clerk is requested to enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 17, 2025

Eumi K. Lee
United States District Judge

5